IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLY JENKINS                                                          PLAINTIFF

V.                          CASE NO. 5:16-CV-5368

ARKANSAS STATE UNIVERSITY
and LYNDA NASH                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are a Motion to Dismiss (Doc. 18) and Brief in Support (Doc. 19), and Amended Motion to Dismiss (Doc. 22), all filed by Defendant Arkansas State University ("ASU"), as well as a Motion to Dismiss Party (Doc. 21), filed by separate Defendant Lynda Nash, who is an employee of ASU. Plaintiff Kelly Jenkins, representing herself *pro se*, did not file a written response to any of the Motions. In addition, Ms. Jenkins failed to participate in the Joint Rule 26(f) Conference with opposing counsel, and also failed to attend the Rule 16 Case Management Hearing held on May 15, 2017. Accordingly, and for the reasons explained herein, the Court finds alternate bases for dismissing this case. First, the Motion to Dismiss (Doc. 18) and Amended Motion to Dismiss (Doc. 22), both filed by ASU, should be **GRANTED**; and the Motion to Dismiss Party (Doc. 21) should also be **GRANTED**. In the alternative, the case should be **DISMISSED** under Federal Rule of Civil Procedure 41(b)(2), due to Plaintiff's failure to prosecute this case and to comply with the rules and orders of the Court.

### I. BACKGROUND

During all relevant time periods in this case, Ms. Jenkins was an employee of ASU, which is located in Jonesboro, Arkansas. In early 2014, Ms. Jenkins and her supervisor, Defendant Lynda Nash, whom Ms. Jenkins describes in the Complaint as Director/Program

Manager of the Beck PRIDE Center, were both interviewed by a reporter for the local newspaper, the *Jonesboro Sun*. That interview resulted in an article that was featured in a special section of the paper called "Women Who Lead," published on March 2, 2014. The story about Ms. Jenkins was called "Well-rounded McCoy[1] Serves Student Veterans." The Complaint is very short on facts and does not say much about the article, nor does it attach the article as an exhibit. The Court is able to glean, however, that the crux of the Complaint is that Ms. Nash violated Ms. Jenkins' privacy rights when she revealed to the newspaper reporter—in what otherwise appears to be an article praising Ms. Jenkins' job performance—that Ms. Jenkins has "severe ADHD"—or Attention Deficit Hyperactivity Disorder. (Doc. 1, p. 4). Ms. Jenkins contends that ADHD is a disability, and that fact should not have been disclosed by Ms. Nash, nor should her condition have been described as "severe." *Id.* In addition, Ms. Jenkins maintains—without providing many supporting facts—that sometime after the newspaper article was published, she was subjected to unlawful discrimination, harassment, and retaliation by her employer due to her alleged disability.

She ultimately filed charges of disability discrimination, harassment, and retaliation under the Americans with Disabilities Act ("ADA") with the Equal Employment Opportunity Commission ("EEOC") on September 22, 2016 (Doc. 1-1). She admits that ASU had previously informed her by letter that her position would be ending effective June 30, 2016, "due to funding." *Id.* at 4. However, she states in her EEOC charges that the last act of alleged discrimination/retaliation she experienced on the job occurred on October 22, 2015.

---

[1] Ms. Jenkins' last name at this time was "McCoy."

2

*Id.* The Complaint does not specify whether she voluntarily resigned or was terminated on or after October 22, 2015. In any event, the EEOC charging documents make clear that she filed her administrative claim approximately eleven months after the last act of discrimination/retaliation occurred.

The EEOC denied her disability-based claims due to untimely filing. *Id.* at 1. She then filed this lawsuit on December 21, 2016, and was granted leave to proceed *in forma pauperis*. On December 22, 2016, the Honorable Erin L. Wiedemann,[2] United States Magistrate Judge for the Western District of Arkansas, directed that service of process be effected on the sole Defendant, ASU. A summons was issued, and the United States Marshal proceeded to serve ASU; however, just before the summons and Complaint were served, Ms. Nash filed an Amended Complaint (Doc. 6) on January 4, 2017. The Amended Complaint was identical to the original Complaint, except that it identified two new Defendants: Ms. Nash and Dr. Susan Hanrahan, who is described in the Amended Complaint as Dean of the College of Nursing & Health Professions.

On January 9, 2017, ASU was served with the original Complaint. *See* Doc. 7. At this point, the Court had not yet ordered the Marshal to serve the Amended Complaint, as the Court had not conducted its initial screening pursuant to the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2). On January 30, 2017, ASU filed a Motion to Dismiss the original Complaint (Doc. 9), and on February 13, 2017, the Court issued its Order regarding service of the Amended Complaint, *see* Doc. 13, explaining that the only proper Defendants were ASU and Ms. Nash, and that Dr. Hanrahan would be dismissed. As for the claims against

---

[2] Formerly the Honorable Erin L. Setser.

3

ASU and Ms. Nash, the Court read the Amended Complaint liberally and construed claims against ASU for violations of the ADA and the Arkansas Civil Rights Act ("ACRA"),[3] and state-law claims for defamation and invasion of privacy against Ms. Nash, in her individual capacity. *Id.* The Court directed the Marshal to serve the Amended Complaint to those two Defendants only, and found as moot ASU's Motion to Dismiss the original Complaint. *See* text-only Order of March 14, 2017.

On March 14, 2017, ASU filed a Motion to Dismiss the Amended Complaint (Doc. 18) and Brief in Support (Doc. 19). Ms. Jenkins did not file a response. Then, on May 2, 2017, Ms. Nash filed a Motion to Dismiss (Doc. 21), and ASU filed an Amendment (Doc. 22) to its Motion to Dismiss. Again, Ms. Jenkins did not file a response. Going back a bit, in early April of 2017, Ms. Jenkins had failed to cooperate with ASU's counsel and participate in a Joint Rule 26(f) conference and submit a Joint Rule 26(f) Report to the Court, though she had been ordered to do so. *See* Unilateral Report submitted by ASU (Doc. 20, p. 1); Amended Initial Scheduling Order (Doc. 15, pp. 2-3) (directing the parties to jointly conduct a Rule 26(f) Conference and prepare and file a joint report). Finally, as previously noted, Ms. Jenkins failed to appear for the Court's Case Management Hearing, which had been set since February 17, 2017.

Turning to the substance of ASU's Motion to Dismiss (Doc. 19), ASU makes two arguments regarding Ms. Jenkins' ADA claims. The first argument is that she waited too long to file her charges of disability-based discrimination and retaliation with the EEOC,

---

[3] The Court found that Ms. Jenkins failed to set forth any factual allegations to support her claims for violations of Title VII of the Civil Rights Act and the Equal Pay Act, so these claims were not cognizable. *See* Doc. 13, p. 3.

4

and never provided any reason to the Court why the 180-day filing deadline should be tolled. ASU's second argument is that the doctrine of sovereign immunity, made pursuant to the Eleventh Amendment of the United States Constitution, bars Ms. Jenkins' ADA claims in their entirety. With respect to the ACRA claims, ASU believes it is entitled to immunity under the Arkansas Constitution, and further, that the claims are barred under the statute's one-year limitations period. Finally, ASU contends that the case against it should be dismissed because venue is more properly laid in the Eastern District of Arkansas. The ADA provides that venue is proper in the judicial district where the alleged unlawful employment practice was committed, where the employment records were maintained and administered, or where the aggrieved person would have worked, but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). ASU argues that the Eastern District of Arkansas, Jonesboro Division, where ASU is located, is the only place where Ms. Jenkins' claims may be brought.

As for Ms. Nash's Motion to Dismiss (Doc. 21), she asserts the same venue argument as appears in ASU's Motion. She also maintains that there is a one-year statute of limitations for both defamation and invasion of privacy claims, so both of these claims are time-barred. Lastly, she argues that there are insufficient facts in the Amended Complaint to state plausible claims for defamation and invasion of privacy. In particular, Ms. Nash states that she is not sure what statement she made to the press that is defamatory in nature and/or invaded Ms. Jenkins' privacy.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

### III. DISCUSSION

#### A. Claims against ASU

ASU is correct that the ADA claims asserted against it must be dismissed. First, Ms. Jenkins failed to file her charge of discrimination with the EEOC within 180 days of the alleged discriminatory or retaliatory conduct. *See* 42 U.S.C. § 12117(a) (establishing the 180-day limitation period for ADA claims by adopting the procedural requirements of Title

VII); 42 U.S.C. § 2000e-5(e)(1) (establishing a 180-day limitation period for filing an EEOC charge for acts of discrimination predicated on Title VII). She filed her disability claims with the EEOC, by her own admission, eleven months after the last act of alleged discrimination or retaliation took place, which is far outside the 180-day window. Because the ADA claims are dismissed with prejudice, the Court need not reach ASU's sovereign immunity/Eleventh Amendment argument.

As for the ACRA claims asserted against ASU, the University is considered an arm of the State of Arkansas and is immune from suit pursuant to Article 5, Section 20 of the Arkansas Constitution. *See Okruhlik v. Univ. of Ark.*, 255 F.3d 615, 627 (8th Cir. 2001); Ark. Code Ann. § 16–123–104 ("Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas."). The ACRA claims are therefore dismissed with prejudice.

### B. Claims against Ms. Nash

To prove a claim for defamation, a plaintiff must establish: "(1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages." *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 955-56 (2002). The Court rejects Ms. Nash's argument that either the defamation claim or the invasion of privacy claim is governed by a one-year statute of limitations. Although spoken defamation, or slander, does carry with it a one-year limitations period, Ms. Jenkins' claims revolve around a *written* communication in a newspaper, and a libel claim carries with it a three-year statute of limitations under

7

Arkansas law. *Compare* Ark. Code Ann. § 16–56–105(5) (providing that a three-year limitations period applies to "actions for libel"), *with* Ark.Code Ann. § 16–56–104(3) (providing that a one-year statute of limitations period applies to "actions for words spoken slandering the character of another").

Despite the fact that the defamation claim appears to have been timely filed, the Court finds that it cannot survive dismissal pursuant to Rule 12(b)(6) because Ms. Jenkins has failed to allege facts to support an essential element of the claim: that the allegedly defamatory statement was false. Ms. Jenkins concedes in her Amended Complaint that she "ha[s] a disability of ADHD." (Doc. 6, p. 5). Without more facts, the Court finds that no cause of action for defamation has been stated in the Amended Complaint, at least sufficient to survive Rule 12 dismissal, and it will be dismissed without prejudice.

Moving on to the invasion of privacy claim, this is distinct from a libel, slander, or defamation claim. *See Dunlap v. McCarty*, 284 Ark. 5, 9 (1984). "There are four kinds of invasion of privacy that are actionable: (1) appropriation, which consists of the use of the plaintiff's name or likeness for the defendant's benefit; (2) intrusion, which is the invasion by one defendant upon the plaintiff's solitude or seclusion; (3) public disclosure of private facts, which is the publicity of a highly objectionable kind, given to private information about the plaintiff, even though it is true and no action would lie for defamation; and (4) false light in the public eye, consisting of publicity which places the plaintiff in a false light before the public." *Id.* (citation omitted). Assuming the facts in the Amended Complaint are true, the Court is not prepared to find that they fail to state a cause of action for invasion of privacy. The record must be further developed through discovery. Even so, the Court declines to take pendent jurisdiction over this state claw claim—the only one that would otherwise

remain in this case—and therefore dismisses it without prejudice. "A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has 'dismissed all claims over which it has original jurisdiction.'" *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (quoting 28 U.S.C. § 1367(c)(3)).

## IV. CONCLUSION

For the reasons explained herein, **IT IS ORDERED** that Defendant Arkansas State University's Motion to Dismiss (Doc. 18) and Amended Motion to Dismiss (Doc. 22) are **GRANTED**, and all claims against Arkansas State University are **DISMISSED WITH PREJUDICE**. Defendant Lynda Nash's Motion to Dismiss Party (Doc. 21) is **GRANTED**, and all claims against her are **DISMISSED WITHOUT PREJUDICE**, for the reasons articulated by the Court in its discussion above, and because the Court declines to take pendent jurisdiction of any state-law claim, now that all federal claims have been dismissed.

**IT IS FURTHER ORDERED**, in the alternative, that the claims against all Defendants are dismissed under Rule 41(b), due to Plaintiff's failure to prosecute or to comply with the Federal Rules or with Court orders. Here, Plaintiff Kelly Jenkins failed to comply with the Court's Initial Scheduling Order and failed to appear for the Court's Case Management Hearing. A separate Judgment will enter on this date.

**IT IS SO ORDERED** on this **16th** day of May, 2017

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE